UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT RILEY,

       Petitioner,

v.                                  CASE NO. 04-CV-71573-DT
                                  HONORABLE ARTHUR J. TARNOW

MARY BERGHUIS,

       Respondent.
_____/

## ORDER DENYING THE STATE'S REQUEST FOR A STAY, GRANTING PETITIONER'S MOTION FOR RELEASE FROM CUSTODY, AND DENYING AS MOOT PETITIONER'S MOTION FOR BOND

### I. Background

      This matter is pending before the Court on Petitioner's motion for bond and his subsequent motion for immediate release from imprisonment. The Court granted a conditional writ of habeas corpus on September 15, 2005. The basis for the conditional grant of the writ was the denial of effective assistance of trial counsel (counsel's failure to move for a directed verdict of acquittal at the close of the prosecution's case). The Court stated in an order amending its dispositive opinion and judgment that it would issue the writ unless the State reduced Petitioner's murder conviction to larceny in a building within ninety days.

      On October 11, 2005, Petitioner moved for release on bond, and on October 13, 2005, Respondent appealed the Court's opinion and judgment to the Court of Appeals for the Sixth Circuit. On March 27, 2006, Petitioner moved for immediate release from custody.

      The Court recently ordered the State to show cause why Petitioner should not be released. The State argues in response to the Court's order that Petitioner's motion for release should be denied and that a stay should be granted. In the alternative, the State has asked the

*Riley v. Berghuis*, No. 04-71573

Court to place reasonable restrictions on Petitioner's release.

## II. Discussion

Conditional grants of the writ of habeas corpus are accommodations accorded to the State; they represent a habeas court's holding that an infirmity justifies the petitioner's release. *Satterlee v. Wolfenbarger*, 453 F.3d 362, 369 (6th Cir. 2006) (quoting *Phifer v. Warden*, 53 F.3d 859, 864-65 (7th Cir. 1995)). "[T]he sole distinction between a conditional and an absolute grant of the writ of habeas corpus is that the former lies latent unless and until the state fails to perform the established condition, at which time the writ springs to life." *Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir. 2006), *cert. denied*, __ S. Ct. __, 2006 WL 3227208, 75 U.S.L.W. 3266 (U.S. Dec. 11, 2006) (No. 06-627). Thus, "[w]hen the state fails to cure the error, i.e., when it fails to comply with the order's conditions, '[a] conditional grant of a writ of habeas corpus *requires* the petitioner's release from custody.'" *Satterlee*, 453 F.3d at 369 (quoting *Fisher v. Rose*, 757 F.2d 789, 791 (6th Cir. 1985))(emphasis added in *Satterlee*). Conditional grants of the writ of habeas corpus "would be meaningless if a habeas court could not order a noncompliant state to release a prisoner." *Id.* at 369 n.5.

The State failed to act during the ninety-day window of time that the Court provided for curing the trial court error. The State took no steps to ensure that Petitioner's murder conviction was reduced to larceny in a building and, until recently, or more than a year after Petitioner moved for release on bond pending an appeal, the State did not oppose Petitioner's motion, nor move for a stay of the proceedings. Even then, the State's response to Petitioner's motions was prompted by the Court's order to show cause.

*Riley v. Berghuis*, No. 04-71573

The State's tardy application for a stay and untimely answer to Petitioner's motions demonstrate "a lack of diligence in taking advantage of the procedures available to [it]." *Cristini v. McKee*, No. 01-CV-74483-DT, 2006 WL 2502410, at *2 (E.D. Mich. Aug. 29, 2006) (Hood, J.). This lack of diligence and the failure to comply with the conditional grant of the writ of habeas corpus compels the conclusion that an unconditional grant of the writ of habeas corpus must issue. *Satterlee*, 453 F.3d at 369; *Gentry*, 456 F.3d at 692. The conditional grant has become absolute, nullifying Petitioner's conviction, because the State did not comply with the Court's amended opinion and judgment, nor move for a stay within a reasonable time. *United States v. Coleman*, 458 F.3d 453, 456 (6th Cir. 2006).

Accordingly, the Court unconditionally GRANTS the writ of habeas corpus. Respondent is ordered to release Petitioner from custody immediately. Respondent's request for a stay [Doc. #37, Dec. 11, 2006] is DENIED, and Petitioner's motion for immediate release [Doc. #32, Mar. 27, 2006] is GRANTED. Petitioner's motion for bond pending the appeal [Doc. 27, Oct. 11, 2005] is DENIED as moot.

                                                s/Arthur J. Tarnow
                                                Arthur J. Tarnow
                                                United States District Judge

Dated: December 22, 2006

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on December 22, 2006, by electronic and/or ordinary mail.

                                                s/Catherine A. Pickles
                                                Judicial Secretary