UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT RILEY,

               Petitioner,

v.

                             CASE NO. 04-CV-71573-DT

MARY BERGHUIS,             HONORABLE ARTHUR J. TARNOW

               Respondent.

_____/

## ORDER TRANSFERRING PETITIONER'S RULE 60(B) MOTION TO THE COURT OF APPEALS AS A SECOND OR SUCCESSIVE HABEAS PETITION UNDER 28 U.S.C. S 2244(b)(3)(A)

### I.  Introduction

This is a habeas corpus action under 28 U.S.C. § 2254.  Petitioner Robert Riley is serving a life sentence for first-degree, felony murder, Mich. Comp. Laws § 750.316(1)(b).  The conviction arose from an incident during which Petitioner allegedly aided and abetted his co-defendant in strangling the victim and then stealing some of the victim's personal property.   The Michigan Court of Appeals twice reversed Petitioner's conviction and remanded the case for entry of a judgment of conviction for larceny in a building.  The Michigan Supreme Court, however, reversed the lower court's decisions and ultimately reinstated Petitioner's murder conviction.  *See People v. Riley*, 468 Mich. 135; 659 N.W.2d 611 (2003).

Petitioner filed his habeas corpus petition in 2004. On September 15, 2005, the Court granted the petition on the basis that Petitioner's trial counsel rendered constitutionally ineffective assistance by failing to move for a directed verdict of acquittal at the close of the prosecution's case. The State appealed the Court's decision, and on April 3, 2007, the United States Court of Appeals for the Sixth Circuit reversed this Court's decision and remanded the case for entry of an appropriate order. *See Riley v. Berghuis*, 481 F.3d 315 (6th Cir. 2007). According to the Court of Appeals, Petitioner failed to show that his attorney's performance prejudiced the defense. *Id*. at 324. On remand, this Court vacated its amended judgment and entered judgment in favor of the State.

Now before the Court is Petitioner's motion for relief from judgment. Petitioner argues that the Court should reissue its opinion and judgment granting the writ of habeas corpus because he was convicted of a non-existent offense. Specifically, Petitioner claims that there was no evidence at trial that he possessed the intent to steal the victim's personal property contemporaneously with the murder and, therefore, he is not guilty of felony murder.

## II. Discussion

Petitioner brings his motion under Federal Rule of Civil Procedure 60(b), which "allows a party to seek relief from a final judgment, and request reopening of his case under a limited set of circumstances including fraud, mistake, and

newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). "Rule 60(b)(6), the particular provision under which [P]etitioner brought his motion, permits reopening when the movant shows 'any . . . reason justifying relief from the operation of the judgment' other than the more specific circumstances set out in Rules 60(b)(1)-(5)." *Id*. at 528-29.

In some instances, such as when a petitioner is asserting a new claim or a claim based on newly-discovered evidence or a subsequent change in the law, a Rule 60(b) motion can be treated as a second or successive habeas petition. *Id*. at 530-31. Therefore, a preliminary question is whether Petitioner's pending motion is really another habeas petition, because he is not entitled to file a second or successive habeas petition without first seeking, and obtaining, permission from the appropriate court of appeals to do so. 28 U.S.C. § 2244(b)(3)(A).

A document that seeks vindication of a claim is, if not in substance a habeas petition, at least similar enough to subject it to the same requirements. *Id*. at 531. A document asserts a claim if it "attacks the federal court's previous resolution of a claim on the merits." *Id*. at 532. In contrast, a Rule 60(b) motion does not advance a "claim," when it attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id*.

According to Petitioner, the Court failed to recognize in its dispositive opinion that he was convicted of a non-existent offense. This argument is actually a challenge to the sufficiency of the evidence at Petitioner's state criminal trial. It is a claim that the Court decided against Petitioner in 2005. Therefore, Petitioner's motion is, in essence, a second or successive habeas petition, and because Petitioner has not acquired permission to file another habeas petition, the Court must transfer his motion to the Court of Appeals for a determination on whether this Court may adjudicate Petitioner's claim. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Accordingly, the Clerk of Court is ordered to transfer Petitioner's motion to the United States Court of Appeals for the Sixth Circuit as a second or successive petition.

 s/Arthur J. Tarnow
ARTHUR J. TARNOW

Dated: August 12, 2019                UNITED STATES DISTRICT JUDGE